Vallance v. Everts.

SAME TERM.   *Before the same Justices.*

VALLANCE vs. EVERTS.

The offence of selling spirituous liquors, in violation of the excise laws, may be es-
tablished by circumstantial evidence.   And the fact that the defendant kept liquor
in his grocery store, to sell, is competent evidence for that purpose in an action
against him to recover the penalty.

THIS was an action of debt, brought by the plaintiff as over-
seer of the poor, to recover penalties incurred by the defendant
for violations of the excise laws.   The pleadings were similar
to those in *Vallance* v. *King*, (*ante, p.* 548.)   The cause was
tried at the Cayuga circuit in March, 1847, before WHITING,
Cir. Judge.   The plaintiff introduced as a witness David
Everts, jun. and asked him the following question : " Did the
defendant keep liquors of different kinds in his grocery, to sell?"
This question was objected to by the defendant's counsel as
improper, and the objection was sustained by the court, and the
evidence excluded.   The plaintiff excepted, and the jury hav-
ing found a verdict for the defendant, the plaintiff, for this and
other reasons not necessary to be mentioned, filed a bill of ex-
ceptions, and moved for a new trial.

*David Wright*, for the plaintiff.

*Clark & Underwood*, for the defendant.
VOL. III.                70

Wright *v*. Douglass.

*By the Court*, GRIDLEY, J. In this case it is impossible to avoid the granting of a new trial. The judge erred in rejecting the question "whether the defendant kept liquor in his grocery to sell." The offence of selling spirituous liquors in violation of the excise laws may be established by circumstantial evidence, and the fact offered to be proved and rejected, was competent in that aspect of the case. The like kind of evidence is constantly received upon trials, even for capital offences. The very point has, however, been decided in the case of *Hulbert* v. *The People*. The decision was pronounced in January, 1846, and is not reported. I have, however, perused the opinion of the late Chief Justice Bronson, and it adjudicates the very question presented in this cause for our determination.

There must be a new trial, with costs to abide the event. And whatever questions arise out of the repeal of the act of 1845, must be settled in another place; they cannot be disposed of on this motion.

New trial granted.

SAME TERM.     *Before the same Justices.*