By the Court. Emmet, J.
The view taken of this case by the judge before whom it was tried presents the following questions.
First, Was the contract of sale made under a mutual mistake of both plaintiff and defendant as to the actual quantity of land ?
Second, Was the fact, in regard to which such mutual mistake existed, material to the contract; or, in the words of the judgment below, was the actual quantity substantially and essentially less than the quantity which the plaintiff supposed he was purchasing ?
Thvrd, Did such mutual mistake, and materiality as to the fact in regard to which it existed, warrant the court in rescind ing the contract and replacing the parties as they stood before it was made %
The last inquiry necessarily involves the consideration of the first; because the fact of the defendant being mistaken as to the quantity of land can only be obtained from his own allegations in his answer, and if those allegations, taken to be true, are sufficient to establish that fact, he must be bound by them in ' regard to the issues involved in the case.
-It is true, as urged by the defendant, that the cause of action set forth in the complaint rests exclusively upon the alleged misrepresentation and fraud of the defendant as to the quantity of land; and if the defendant had confined himself in his answer to a denial of that charge, the case would have presented the single issue, whether the plaintiff had been deceived in the purchase by the falsehood and fraud of the defendant. But the defendant, not denying the alleged discrepancy in the quantity of land, has distinctly set up his own ignorance on that subject, by disclaiming any knowledge in regard to it*when the contract was made, and by averring that during the negotiation he expressly stated such ignorance to Adams, the broker. If this statement was true, and that he really had no other knowledge as to the quantity of land than what he derived from the deed *579 from Roberts to Mm, he was clearly as much under a mistake in that respect as the plaintiff, who has derived whatever belief or supposition he may have had as to the quantity of land, from the same source. The question of the defendant’s mistake was therefore distinctly presented by himself. He has no right to complain that fall credit has been given to Ms own statement in this respect, nor ought he to object to having this conclusion drawn from his answer, because no other can fully exonerate him from the imputation of having known at the time that the premises actually contained much less land than what the plaintiff, or any one, would have been led to suppose from the Roberts deed, and of having thus committed a deliberate fraud on the plaintiff. The judge on the trial was warranted, therefore, in viewing this case as one of mutual mistake in fact, and in holding that question, as matter of law, to be one of the issues involved in it; and his decision in that respect was a vindication of the defendant’s honesty and good faith in the transaction.
In considering the point of materiality, it should be observed, that this was a purchase in bulk, for a round and not inconsiderable sum, of a small piece of land, valuable only for braiding lots; and that the deficiency complained of amounted to nearly one-half of what might reasonably be inferred to be the quantity, from the description in the Roberts deed. That description, it is true, contains the words, “ be the same more or less,” in reference to the contents of the premises, but those words cannot, either on principle or authority, cover so glaring a discrepancy as this case presents. It was held, at a very early period of English jurisprudence, that the words sime phis, sim mimos, shall be intended of a reasonable quantity, with reference to the extent of the grant (Day v. Fynn, Owen R. 133); and the Court of Appeals in Virginia, more than half a century ago, decided that “ more or less,” inserted in a deed, should be restricted to a reasonable or usual allowance for small errors in surveys, and for variations in instruments. (Quesnel v. Woodlief, 2 Hen. &. Mum. 173, note.) Whatever latitude of discrepancy those words may have been held to embrace in particular cases, the principle, that they shall not cover more than an inconsiderable deficiency, in reference to the alleged or sup *580 posed contents, has been sanctioned by numerous authorities, and cannot now be questioned; and the rational and just rule may be invoked for the protection of vendors as well as purchasers. Equity always relieves the former where the excess is . flagrant. (Sugden on Vendors, ch. 6, sec. 3.) There can be no doubt of the fact, as found by the judge, that the actual quantity of land in this case was substantially and essentially less than that which the plaintiff supposed he was purchasing. The materiality of the mistake, therefore, as a requisite ground for the judgment which he rendered, was fully established.
It remains, therefore, to determine whether, fraud being the only ground upon which relief was sought by the complaint, and that ground not having been sustained, it was within the authority of the court to adjudge that the plaintiff should be relieved from the contract, and the money paid by him be refunded. If the defendant had simply denied the fraud imputed to him, and driven the plaintiff to sustain that ground by proof, and the plaintiff had failed to do so, the proper disposition of the case would have been to dismiss the complaint; but, as «already shown, the defendant, instead of holding the plaintiff strictly to the issue of fraud, expanded the field of inquiry, by setting up his own ignorance, at the time of the purchase, of a discrepancy in quantity, which he could not deny, and which on its face was material, and by so doing he enlarged the area of jurisdiction, within which the merits of this case should be considered and decided upon.
With these elements of mutual mistake and materiality, and the contract being yet in fieri, it came strictly within the equitable powers of the court to rescind the purchase and to restore the parties to their original rights.
This view of the case is strengthened by high authority. On a bill to annul a contract for the sale of a large tract of land, and to recover back the portion of the purchase money which had been paid, on the ground that representations had been fraudulently made that the tract contained a much larger quantity of land than turned out to be true, it appearing from the answer and evidence that both parties had acted under a mistake in regard to that fact, which was held to be material, Judge Story disregarded the question of fraud as unnecessary *581 and improper to be considered, and deemed it the duty of the court to decree, on the grounds of such mutual mistake and materiality, that the agreement should be rescinded and the parties reinstated in then* antecedent rights and interests. (Daniel v. Mitchell, 1 Story R. 172.)
Bosworth, J.
The statement, by the judge who tried this action, of the facts found by him, is not very precise. I think an ordinary man, of common understanding, on reading it, Would say the judge had found that the defendant untruly, but innocently, misrepresented the quantity sold, and that this was not only an operative, but was also an essential inducement to the contract. That the quantity was only about half of what it was represented to be, and, therefore, the plaintiff was equitably entitled to a rescission.
Assuming these to be the facts found, the judgment cannot be said to be erroneous, unless the cause of action stated in the complaint differs in its entire scope and meaning from that established by the facts found by the court (Code, §§ 171,176), or unless there is no evidence to support the facts as found, or unless the facts found are insufficient to constitute a cause of action.
Courts of equity have so long rescinded contracts, on account of their having been induced by a mutual mistake as to material facts, I do not think it will be seriously contended that no such relief can be properly granted, for that cause. (Champlin v. Levin, 18 Wend. 407.)
I do not think the judgment should be reversed, merely because the evidence in support of the facts as found is slight. There was some evidence to support it. The diagram exhibited had a memorandum on it, stating that the “ deed calls for 9 acres, less 1 acre and 6 perches, sold.” There was less than four acres and a-half, exclusive of that which had been sold. The defendant’s witness states there was conversation as to the quantity, and the “ defendant represented it just as the deed represented it.” The diagram neither states the length nor the course of the boundary lines.
I do not feel at liberty to hold that the facts found are so clearly contrary to evidence, that for that cause alone the judgment must be reversed.
*582 I do not assent to the proposition that the whole right to relief is, by the complaint, based exclusively on the ground of the intentional fraud of the defendant. The pleadings are under the Code, and their forms and sufficiency are to be determined solely by the Code itself. (§ 140.)
The complaint states that the plaintiff was induced to enter into the contract by the defendant’s “ falsely, and as plaintiff believes, fraudulently representing,” &c.; and further charges, “that so the said defendant falsely, and, as he believes, fraudulently deceived and defrauded the plaintiff in the said sale,” &c.
Here “ falsely” is used in contrast with “ fraudulently,” and as synonymous with erroneously arid untruly. The allegation of falsely deceiving is only equivalent to saying, that the plaintiff credited and acted on this material, but untrue statement, and was deceived by it.
By alleging that the defendant made this statement falsely, and, as the plaintiff believes, fraudulently, the complaint charges, first, actual misrepresentation; and, second, a belief that it was fraudulently made. The defendant denies making any representation as to the quantity, and avers that he was ignorant of the quantity. He also denies making any fraudulent misrepresentation.
There were issues therefore—first, as to whether any actual misrepresentation was made; and, second, whether, if made, it was made with an actual intention to defraud.
Proof of actual misrepresentation of matters material, and operative inducements to the contract, by which the plaintiff was misled, entitled him to rescission. Enough was proved, regarding the facts found as being proved, to make it proper to grant the relief adjudged.
It is a case, therefore, in which the allegation constituting the cause of action was unproved, “ in some particular or particulars only,” but not “in its entire scope and meaning” (Code, § 171), and presented neither the case of a failure of proof, nor of a variance which the judge at the trial was at liberty to regard. (Code, §§ 169, 170, 467.)
As enough was alleged, and has been established, to constitute a good cause of action, independent of the allegation of *583 an actual fraudulent intent, there is no ground for reversing the judgment except the solitary one, that the evidence given was insufficient to warrant the finding of an actual misrepresentation of the quantity on which the plaintiff relied, and by which he was misled. I do not understand that Mr. Justice Dube wculd reverse, solely on the ground that the facts established were found so clearly against evidence, that the judgment for that cause alone ought not to be permitted to stand. In this case the contract has not been consummated; no deed has been executed. The agreement is, as yet, executory. The case, therefore, does not fall within the rule which controlled the decision made in Fowre v. Martin (Court of Appeals, Oct., 1852). In the latter case, Gridley, J., says: “ It is not claimed that tie original agreement was procured by fraud, misrepresentation, or mistake.” A conveyance had been accepted, without any objection that it did not conform to the actual agreement and under-standing of the parties. The contract had been cmsummated.
In tin ease before us, it is alleged and proved that the agreement wa¡¡ procured by a misrepresentation of material matters, forming in essential inducement to the contract. It is a case of mutua, mistake, induced by untrue representations of the defendant If they were not innocently made by him, he committed an actual fraud. But though-made innocently, equity will not permit the defendant to hold the plaintiff to a contratt which he has by such means induced him to enter into, vhere the thing contracted for is so essentially different from wiat it was represented, and, by reason of such representation, vas believed to be. I think the judgment should be affirmed