TRUSTEES OF OSKALOOSA COLLEGE v. STAFFORD: THE SAME v. MYERS.

1. CONTRACT: COTEMPORANEOUS AGREEMENTS. The written agreement when not ambiguous will be regarded as the expression of the contract between the parties without reference to cotemporaneous conversations.

*Appeal from Mahaska District Court.*

WEDNESDAY, DECEMBER 3.

THESE cases present the same questions for determi-, nation. The defendants were sued on a subscription for a college building near the city of Oskaloosa. The defendants each answered claiming that they subscribed to the contract upon which they are sued with the understanding that a religious denomination styled the "Christian Association" were to endow the college as soon as the building was completed, and that when it was so endowed and the institution put into operation, the subscribers who assisted in building the college were to have the benefit of scholarship therein. That it was upon such inducements and the representations made by the said association that defendant signed said subscription. The defendants claim that there were certain conditions agreed upon that were not expressed in the written contract which have not been complied with, and they ask that the contract may be reformed, and for this purpose that the cause may be transferred to the equity calendar of said court and that their rights be determined as in a proceeding in chancery. A demurrer to this answer being sustained defendants appeal.

*Rice, Myers & Rice* for the appellant, cited Adams' Eq., 166, 188 (marg.); Story Eq. Jur., §§ 40, 141–155; *Kelly* v. *Lolori*, 9 Mees. & W., 54; *Lucas* v. *Warwick*, 1 Mod. & Robb., 293; 1 Par. Contr., 379; Chitt. Contr., 622.

*Seevers, Williams & Seevers*, for the appellee, cited 2 Greenl., § 296; Adams' Eq., 342; Story Eq. Jur., §§ 111, 112, 141–152; *Marvin* v. *Bennett*, 26 Wend., 168; *Pierson* v. *Armstrong*, 1 Iowa, 282; *Ring* v. *Ashurth et al.*, 3 Id., 452; 1 Gilm., 609; 13 Id., 396; 2 Maryland, 35; 2 Green's Ch., 102.

VOL. XIV.—20

Davis v. Simma.

BALDWIN, C. J.— The appellants abandon the position which they appear to have assumed in the court below, and upon which the answer seems to be predicated; that is, that the court has the power to reform the contract and grant the relief prayed for. The counsel now claim that the contract embodied in the subscription was predicated upon certain parol agreements and representations relied upon by the parties that were untrue, that had no existence; and it is therefore without consideration.

We think this position untenable. The rule is well settled that the written agreement, unless ambiguous, is the fair expression of the contract as made at the time. The contract sued upon was made with the trustees of Oskaloosa College, and not with the Association which it is claimed made the false representations to defendants of which they now seek to avail themselves. It is not claimed but that the trustees have acted in good faith and complied with the conditions of their contract. If so, we are unable to say that they should not recover.

Judgment affirmed.