RIVES, J.
The Judge below conceded that “if there were no deed in this case, the evidence would be sufficient to show such part performance of a parol .contract as to entitle the plaintiff to specific performance.” To the propriety . of this concession, my brothers here object, and hold that under the pleadings and proofs in this case there has not been such part performance as to take it out of the Statute of Frauds.
In this opinion, I cannot concur; and although it be a question of evidence, I deem it proper to express briefly the reasons of my dissent. There is no question as to the payment of the purchase money; the difficulty exists as to the proof of possession. The bill alleges possession of “the whole land;” but this is denied by the answer, which insists that the parcel of seventy or eighty acres in dispute was never included in the sale, nor possession given of it. This parcel was conveyed to the appellee by his father bj deed bearing date the 29th day of July, 1813, and the part covered by his deed of 1st May, 1848, to the appellant, was devised to him by his father’s will under date of 1st February, 1817. These were parcels of one entire tract. That all of it was embraced in the original parol contract is not only proven by the appellant’s son, but also by the pointed and explicit admissions *of the appel-lee to two other witnesses in the cause, that he had sold' all of his lands, without any reservation whatsoever. If, therefore, possession had been delivered un *585 der the parol contract, there would have been no pretence for restricting it to one of these parcels rather than another. Shall the deed have the effect to restrict it to the parcel conveyed? Of course it shall, if the deed is to be accepted as the full expression of the entire contract;' but if it is to be viewed under the circumstances as the execution of only a part of the contract, it seems to me it would be difficult to circumscribe the acknowledged possession of the appellant to the land deeded, and exclude from it the whole that was bargained for and paid for.
But the testimony of the single witness as to possession is not only aided by this corroborative circumstance, but by a material fact averred by the bill, and virtually admitted by the answer. The complainant states, “he was put in possession of the whole land by Coffer, and he held and occupied it, not presuming any difficulty, and that Coffer was honest and meant honest, until some two years, when he heard he claimed not to have sold a piece of the land, and sued your orator for a trespass; which suit was tried, and a verdict on the evidence found for the defendant, your orator; after which said Coffer proposed to your orator to take half of the lot claimed.” In support of this allegation, the clerk’s certificate is filed of the institution of such a suit between these parties of trespass quare clausum fregit, 30th January, 1852, and a verdict for the defendant at the October term, 1853. This would seem to be too vague and indefinite to admit of weight or application in this case, if it were not aided by the context of the bill, and more especially by the character of the answer on this point. It will be seen that the respondent in no wise denies the existence and result of this suit, and its relation to; this land; he does not contradict the ■ averment that *he had sought to test ! his title to it in this way, and had j been defeated; but contents himself with denying, “that after the decision of the action of trespass alluded to in the com-1 plainant’s bill, or at any other time, he proposed to the complainant to take half of said land.” If this action had nothing to do with his claim to, and the complainant’s possession of, this lot of land in dispute, the respondent should have shown or averred it; and his failure to do so must be construed into a tacit admission of the main averment of such a suit with such a result, and with reference to this very lot. The denial of possession by the answer, therefore, is adequately disproved and overborne under the pleadings by this significant fact, taken in connection with the positive testimony of the witness Broughton.
I now turn to the question of law that arises upon the state of facts in this cause. It pertains to that cardinal rule of evidence which excludes parol testimony as “the means of contradicting or varying the terms of a valid written instrument. ’ ’ Among the exceptions to this rule is the case where the original contract was verbal and entire, and a part only of it was reduced to writing.” 1 Greenleaf | 284a, 12th ed. by "Redfield, and cases cited in note. The decisions of this court afford a very apt illustration of this principle in the case of hire-bonds. The contract of hire is verbal and entire, stipulating: 1. The term of the bailment and sum to be paid; and, 2. The employment of the slave. The hire-bond is usually the written expression of the former; and the latter left to rest upon parol proof. Henee, a hire-bond, being the reduction to writing of only a part of the contract of hiring, does not preclude paról testimony as to the remaining part of the verbal agreement as to the mode of employment. Harvey v. Skipwith, 16 Gratt. 410; Howell v. Cowles, 6 Gratt. 393. It is an obvious objection to his use of parol testimony, *that the excuse for it can only appear by its introduction, because in its absence the writing must be taken as the whole of the contract. Hence Greenleaf adds: “But this is a qualification of the general rule which, although correct in strictness of principle, it will be always difficult to apply in practice, without materially trenching on the integrity of the rule itself. But the English courts do not hesitate to act upon the exception, especially where that seems the only mode of reaching the justice of the case and of enabling one party to escape from the fraud or injustice of the other.” We may, therefore, regard this exception, notwithstanding the plausible objection to.it, as firmly established and grafted on this vexed doctrine of the admissibility of parol testimony touching written instruments.
Bet us now enquire if this case falls properly within this exception. There cannot be a doubt upon the proofs, that all of the land, comprising both parcels, was; bargained and paid for. This rests not upon the testimony of the appellant’s son, but upon the explicit admissions of the vendor to two other witneses in the cause, and yet more strongly on his acknowledgment at the time of making the deed, as implied by his engagement to make the deed for the other parcel at a future time. But he executes his contract of sale only in part; he makes the deed for one parcel of the land only; but accepts the purchase money for both ; and upon the false suggestion of some difficulty as to the title, asks to postpone to a future time the making of the deed to the other parcel. It would seem that he was, perhaps, contemplating some evasion of his-contract, as justified by his conversation with Broughton, which is detained by the witness, Scesson, in this way: “Broughton said, Mr. Coffer, you sell me all your possession ; and Mr. Coffer replied, Yes, all I paj- tax for. Mr. Broughton replied, he could not ask more of any man *than all his possession, or what he paid tax for.” He has examined but two witnesses in this cause, and both of them speak solely to this discreditable subterfuge. It is, therefore, clearly inferrible that apart from the *586 denials of his answers, he seeks to excuse ■himself by this chicanery.
Here, then, in the language of the eminent author already quoted, is “a fraud and an injustice, from which the party can escape” only by virtue of this exception to the general rule. It is a far stronger case than that of the hire-bond; there, the omission to stipulate in writing for the employment of the slave, while taking the bond for the payment of the hire, was usual and without the suspicion of fraud. The cases may be assimilated, however, by supposing the owner to insist on inserting in the bond the stipulations as to the employment of the slave, and the obligor giving a simple bond for the hire, and upon a false suggestion and for a fraudulent purpose, postponing to a future time the further written assurance required of him; and at last refusing to give it. In such a case, the motive, the propriety, and the justice of giving the injured party the full benefit of this exception to the general rule-in the utmost latitude of parol proofs, are far more clearly displayed and justified as the only means of avoiding a fraud. So in this case, and the view I take of it, the exclusion of these parol proofs would not be justified by the course of judicial decisions, however intricate the3,‘ may be in some parts of this leading doctrine of evidence, and would protect the cheat which was manifestly practiced on the appellant. I cannot, therefore, for these reasons, thus briefly assigned, concur in the affirmance of the decree below.
JOYNES, J.
The bill alleges that the plaintiff, Broughton, purchased from the defendant, Coffer, by a verbal contract, a body of land containing four hundred and fifty “acres, at the price of $1,500, cash; that the defendant conveyed by a deed which is exhibited, a tract containing three hundred and seventy-eight acres, described by metes and bounds, saying that he could not then convey the residue, because there was some question of title or something to arrange first, but promising to convey it subsequently; that upon that understanding and agreement the plaintiff took a deed for the three hundred and seventy-eight acres, and paid the whole purchase money; that the defendant put the plaintiff into possession of the whole land purchased, which he has since held; that the defendant has refused to convey the residue of the land, pretending that he did not sell it; and prays a decree for specific execution. The deed conveys the three hundred and seventy-eight acres for the consideration of $1,500, making no reference to the residue of the land.
The defendant, in his answer, denies the sale of any land except that conveyed by the deed ; denies that the defendant agreed to execute a deed subsequently for any other land; denies that the defendant put the plaintiff in possession of any land except that embraced by the deed; and relies on the Statute of Erauds.
Depositions were taken on both sides. The evidence contained in these depositions proves that Coffer made a verbal contract with Broughton to sell him the whole of his land, containing about four hundred and fifty acres, for the gross sum of $1,500, cash. The land lay in one body, though Coffer held three hundred and seventy-eight acres under one title, and the residue, of about seventy acres, under another. I think this evidence is sufficient to outweigh the denial in the answer, as to the original parol contract.
Then as to the deed. On its face, the deed would seem to be a complete execution of the contract. It imports that the $1,500 were paid in consideration of the three “hundred and seventy-eight acres conveyed, and no reference is made to any other land. If there was no other evidence, we would be bound to hold that the deed expressed the final agreement of the parties, namely, for a sale and convejrance of three hundred and seventy-eight acres, instead of four hundred and fifty acres, as contemplated originally. To show that this was not really so, and that the deed was only designed as a partial execution of the parol contract, the plaintiff examined his son as a witness, who testified that he was present in Mr. Dove’s office when the money was paid to the defendant by the plaintiff, and that the defendant said he could, not convey the seventy acres ‘ ‘that day;” “it was in dispute;” and that the plaintiff told the defendant that he would pay the money that day, and take a deed for the balance of the land at another time. In a subsequent deposition, this witness gives this conversation in substantially the same form, except only that he makes the defendant say that he could not give the plaintiff a deed for the seventy acres, without adding “that day,” as in the first deposition. His meaning, however, was probably the same in both depositions. He does not say, in either deposition, that the ‘defendant said he would make a subsequent deed for the seventy ..acres, or that he made any reply to’ the remark of the plaintiff, that he could make a deed for the balance of the land at another time. But as this remark showed the understanding and expectation of the plaintiff, and as the defendant expressed no dissent, as far as appears, he ought to be understood as agreeing to convey the seventy acres by subsequent deed. I regard this witness, therefore, as testifying, in effect, that the defendant agreed to make such a deed.
Gunnell, a witness examined by the defendant, testified that while Mr. Love was writing the deed, he heard a conversation between the plaintiff and defendant; that the '“'plaintiff wanted more land put into the deed; that the defendant said he would not sell more land than he paid tax for; that he (the witness), understood that there was some land which the plaintiff wanted the defendant to put in the deed, which the defendant refused to do; but what land it was he could not say. Another witness examined by the defendant *587 was present in the office of Mr. Eove when the deed was delivered and the money paid, but he does not testif3 to any conversation between the parties on that occasion.
The testimony of Gunnel affords no support to that of Broughton in regard to the alleged agreement to make a subsequent deed for the seventy acres. And the whole of the parol evidence, supposing it to be admissible, is insufficient to establish, against the express denial of the answer, and the presumption afforded by the deed, that the deed was intended to be only in partial execution of the original parol contract, and that the seventy acres were to be convey'ed by a subsequent deed. Taking the pleadings and all the evidence together, the necessary conclusion is, that the final contract between the parties was fully executed by the conveyance of the three hundred and seventy-eight acres, and that there was no agreement by the defendant to make a subsequent deed for the seventy acres. The fact that the answer was proved to.be false as to the quantity of land embraced in the original parol contract, did not destroy the weight ascribed to it by law, in respect to other matters, as to which it was not disproved by the requisite amount of evidence. Bant v. Miller & Mayhew, 17 Gratt. 187.
But if the parol evidence had been stronger than it is, it was not admissible to prove that the deed was understood by the parties to be only a partial execution of the original parol contract. All previous negotiations were merged in the deed, which can alone be looked to, in the ^absence of fraud or mistake, to ascertain the final contract between the parties. 1 Green-leaf Evid. g 275 ; 4 Cow. Phil. Evid. 1471. Upon its face the deed imported a complete execution of the contract on which it was founded, and in the absence of fraud or mistake, parol evidence cannot be received to show that the parties understood and intended it to be only a partial execution of it. Howes v. Barker, 3 John. R. 506; Eal-coner v. Garrison, 1 McCord Const. R. 209. In the former of these cases, Thompson, J., said: “The deed cannot be considered as an execution of the contract in part only'. If an execution at all, it must be of the whole contract, and the articles of agreement are a nullity. If so, the testimony offered in support of the plaintiff’s action to show that the consideration expressed in the deed was more than ought to have been paid, could be viewed in no other light than as parol evidence repugnant to the written contract.” Kent, Ch. J., after saying he had struggled hard to help the plaintiff, added: “But I cannot surmount the impediment of the deed, which the plaintiff has accepted from the defendant, and which contains a specific consideration in money, and the quantity of acres conveyed, with the usual covenant of seisin. Sitting in a court of law, I think I am bound to look to that deed as the highest evidence of the final agreement of the parties, both as to the quantity of the land to be conveyed and the price to be given for it. If there be a mistake in the deed, the plaintiff must resort to a court of equity,” &c.
In this case it is not pretended that there Was any mistake in the deed. It conveys precisely what both parties understood it to convey when it was executed. The parol evidence was not admissible on the ground of fraud, because that evidence was itself the only proof of the alleged fraud. Towner v. Eucas, 13 Gratt. 705.
The alleged agreement to convey the seventy acres by *a subsequent deed can only be relied on, therefore, as a new and independent contract, and not as part of the original contract remaining unexecuted. But it cannot avail the plaintiff in this view. Eor — 1. It was not in writing. 2. There was no part performance of it. Only one witness testifies that the defendant put the plaintiff into possession of the seventy acres, and his testimony on this point is in direct conflict with the answer, and is not supported by any other evidence.
The bill alleges, that the defendant brought an action of trespass against the plaintiff, in which there was a verdict for the defendant in the action. The bill does not state what was the foundation of the action, but from the connection in which the action is alluded to, it may be inferred that it x'elated to the land in dispute. The bill further alleges, that after the decision of the action of trespass, the defendant proposed to the plaintiff to take half of the seventy acres. The defendant, in his answer makes no further allusion to the action of trespass than to deny that, after the decision of that action, or at any other time, he proposed to the plaintiff to take half of said land. The clerk’s memorandum only states. that an action of trespass quare clausum fregit was brought in January, 1852, and decided by a verdict for the defendant in October, 1853. It shows nothing as to the foundation of the action, or the grounds of thé verdict, and does not even state who were the parties. I am unable to see that there is, in all this, anything from which it can be inferred that the plaintiff had been put into possession of the seventy acres. The plaintiff in that action may have failed for the very reason that the defendant had never been in possession of the land, or executed any act of ownership over it.
In every view, therefore, I am of opinion that the case was against the plaintiff, and that his bill was properly ^'dismissed. He may have been cheated by the defendant, but rules of law, which we cannot set aside, forbid our giving him relief.
I think the decree should be affirmed.
MONCURE, P., concurred in the opinion of Joynes, J.
Decree affirmed.