## Joseph M. Martin v. Elijah Hamlin.

*Agreement; Parol evidence: Deed: Description: Mistake as to legal effect.* Complainant entered into a verbal agreement with defendant to purchase of him a farm occupied by him, and well known to both: but which had never been surveyed. A few days prior to the execution of the deed and mortgage and notes for purchase money. defendant verbally represented the land to complainant as containing 110 acres, and that he would warrant that quantity; and it was also verbally agreed that complainant should get the land surveyed, and it the amount fell short, the deficiency should be endorsed on the mortgage.

    The description in the deed, a warranty, was according to the government subdivisions, and it called for 110 acres.

    No fraud or mistake is charged by complainant. Upon a survey made some months after, a deficiency of 16¼ acres was discovered.

    In a bill to compel defendant to endorse upon the mortgage the amount of said deficiency:

    *Held,* that the verbal agreement was merged in the deed, and, must, in the absence of fraud, be presumed to contain all the terms finally agreed upon.

    *Held further,* that the said parol agreement would contradict and vary the notes and mortgage, given by complainant, as part of said transaction, and that this rule of evidence applies as well in equity as at law.

    Mistake as to the legal effect of an instrument, constitutes no ground of relief.

               *Heard April 30. Decided May 4.*

Appeal in Chancery, from Oakland Circuit.

The bill in this case was filed to compel the defendant to indorse certain moneys upon a note and mortgage given

for the payment of the purchase money of premises purchased of defendant, by reason of an alleged deficiency in the number of acres supposed to have been bought.

It appeared that complainant bought of defendant a farm described in the deed to complainant as the "West part of the northwest quarter of section thirty-two, in township three, north of range eleven east, except ten acres off the west side. And also the south half of the west half of the northeast quarter of section thirty-two in said town, all lying and being in the township of Avon, in the county of Oakland, and State of Michigan, containing one hundred and ten acres of land."

The bill alleges that the purchase and the deed were made in pursuance of a bargain, or understanding, that complainant should pay $4,200 for the farm (part cash and part on time,) provided that defendant would warrant the farm to contain 110 acres, which it is alleged the defendant agreed to. That the deed was made in pursuance of this understanding or agreement; that at the time the deed was executed and delivered, complainant paid defendant $2,700, and it was at the same time agreed that complainant should at some future time get the farm surveyed and the quantity ascertained; that, to secure the balance of the purchase money, it was agreed complainant should execute a mortgage upon the premises, and that complainant, at the request of the defendant did, on the same day, execute to defendant a mortgage for $1,500, and three promissory notes secured thereby, for $500 each, payable respectively, Oct. 1, 1865, Oct. 1, 1866, and Oct. 1, 1867; the defendant agreeing at the same time that complainant might go on and get the farm surveyed, and that, if it fell short of 110 acres, defendant would endorse upon the notes and mortgage the deficiency (at the rate of 110 acres for $4,200); and the parties further agreeing that, if the farm should overrun, complainant should pay for the excess at the same rate.

That complainant went into, and has continued in possession; that, some time afterwards, complainant caused the farm to be surveyed by the county surveyor, and that the amount upon such survey was ascertained to be only $93\frac{1}{2}$ acres; that defendant now refuses to allow or endorse the amount corresponding to such deficiency.

The bill therefore prays that defendant may be decreed to make such endorsement.

The defendant, by his answer, denies any such agreement as alleged in the bill, or any agreement except what appears by the deed, mortgage, and notes, or that he, in any way, undertook to guaranty the quantity.

The prayer of the bill was granted.

*M. E. Crofoot,* for complainant.

It is claimed that the case stated and made by complainant is not one of equitable relief.

We place our right to relief upon three grounds:

*a.* Mistake of the parties as to quantity, and, therefore, as to consideration, which we claim to have corrected.

*b.* The right of the complainant to have the amount indorsed and applied upon the notes and mortgage, and thus remove an incumbrance to that amount on his land — to remove it to that amount as a cloud upon his free title.

*c.* That the complainant has a right to have the application made, and thus abate so much of the mortgage; and to have the amount endorsed, and thus compel the defendant to specifically perform his agreement.

1. The bill clearly shows that the defendant made a statement as to quantity, viz: 110 acres, when there was but $93\frac{1}{2}$ acres, and in this a misstatement as to that amount: Not a fraudulent representation, but a misrepresentation upon which the complainant relied.

It can make no difference with this right to equitable relief, that the representations amounted also to a warranty.

Relief from such misrepresentations is within the juris-

diction of courts of equity, and is treated of as compensation for deficiency.— *1 Sugden on Vend. 6th Am. 10th Lond. Ed. chap. 3, entitled, Of defects in the quantity of the estate; See also notes 372 to 374; Willard's Equity, p. 72; Hill v. Buckley, 17 Vesey, 395, 401, 402, 403; Winch v. Winchester, 1 Vesey and Beames, 375; Belknap v. Seeley, 2 Duer, N. Y. 570; Young v. Craig, 2 Bibb, Ky. 270; Reynolds v. Vance, 4 Id. 215; Marvin v. Bennet, 8 Paige, 312; Id. 26 Wend. 169; Stebbins v. Eddy, 4 Mason C. C. 414.*

*a.* The relief is only granted when there is an agreement as to quantity: and quantity formed an essential element of the contract.

When this appears, the right to relief in equity is unquestioned.

But if it be uncertain, from the agreement, that the vendee relied upon the statements of the vendor as to quantity; or that he waived it by accepting a conveyance with qualifying words; or that the land was conveyed and accepted by metes and bounds, then there is no ground for relief. Such are the facts disclosed in *Reynolds v. Vance, 4 Bibb, 215; Roat v. Puff, 3 Barb. 353; Jackson v. McConnell, 19 Wend. 175; Ketchum v. Stout, 20 Ohio, 453.*

It cannot be claimed that this land was conveyed by metes and bounds; therefore, the description of quantity is immaterial. The term used in the deed is "the east part of the northwest quarter."

No inference can therefore be drawn from the deed that the words of quantity were not the words of the contract.

*b.* It has been held, in some of the cases, that it was necessary to allege, and to show fraudulent representations; but the more recent cases follow the case of *Hill v. Buckley*, holding that when a misrepresentation was made as to quantity, though innocently, the vendee is entitled to relief by way of an abatement, or a recovery of the consideration, although no fraud is alleged or shown.— *Hill v. Buckley,*

MARTIN *v.* HAMLIN.

*17 Vesey, 395, 401–2; Marvin v. Bennett, 8 Paige, 312, 314, 315; Id. 26 Wend. 169; Chancellor's opinion, Id. 172; Verplanck's opinion, 184; Ketchum v. Stout, 20 Ohio, 453, 459, 460; Belknap v. Seeley, 2 Duer, N. Y. 570; Emmett's opinion, Id. 578, 580–1; Daniel v. Mitchell, 1 Story, 172; Young v. Craig, 2 Bibb, 270–1.*

2. We claim that the complainant had a right to have this cloud removed as a lien on his land, for these reasons:

*a.* It was important to him, as he had bargained his land away to sell subject to the incumbrance, to know the extent of incumbrance.

*b.* He feared Hamlin would transfer the notes and mortgage to prevent this application. He therefore had a right to resort to a court of equity for relief.— *Willard's Equity, 302 to 307; Hamilton v. Cummings, 1 Johns. Ch. 522.*

*c.* The complainant has a right to the specific performance of the agreement.

And the question of deficiency in quantity is treated under this head in *Adams' Equity, 3d Am. Ed. p. 270 to 273; §§ 89, 90, 91; Willard's Equity, 273, 274, 275, 288, 289; Gillespie v. Moon, 2 Johns. Ch. 599; Kessel, brack v. Livingston, 4 Id. 148; Coles v. Bowne, 10 Paige, 533.*

2. The main point insisted upon in the court below, and which we suppose will be here, is that parol proof cannot be introduced to vary or explain a written contract, or deed; that the covenants in the deed do not at all apply to the quantity; that the quantity expressed in the deed is merely descriptive of the land.

We claim that the proof offered was only an inquiry into the consideration of the mortgage and the deed; and whatever may appear to have been the rule heretofore, by the numerous authorities cited by the counsel for the defendant, this court has expressly adjudicated upon this

MARTIN v. HAMLIN.

point. — *Robinson v. Cromelien, 15 Mich. 316; Bennett v. Beidler, 16 Id. 150; Bowker v. Johnson, 17 Id. 42.*

*A. C. Baldwin,* for defendant.

On the face of the bill, the party is not entitled to relief. If there was a mistake in the preparation of the deed, complainant should have taken steps to have it reformed.

The complainant's evidence in this case assumes to show that the verbal contract, if any, was made before the writings were drawn; that the land was to be surveyed, and the deficiency to be applied on the notes. The rule is well settled, both in law and equity, that all conversations, and all prior contracts of the parties are merged in the first written agreement. — *Street v. Dow, Har. Ch. 428; Oelricks v. Ford, 23 How. U. S. 49; Stevens v. Cooper, 1 Johns. Ch. R. 429; 5 Mich. 222, 204; Crosier v. Acer, 7 Paige, 141; Cook v. Combs, 39 N. H. 593; Austin v. Sawyer, 9 Cow. 39; Stackpole v. Arnold. 11 Mass. 30; Dix v. Otis, 5 Pickering, 38; Conner v. Coffin, 22 N. H. ( 2 Foster ) 543; Noble v. Bosworth, 19 Pick. 314; Powell v. Edmunds, 12 East. 6; Hoyt v. French, 24 N. H. 199; Lang v. Johnson, 24 N. H. 302, Hoxie v. Hodges, 1 Oregon, 251; Richardson v. Comstock 21 Ark. 69; Underwood v. Simonds, 12 Met. 278; 7 Wis. 532; Adams v. Wilson, 12 Met. 128; Oskaloosa College v. Stafford, 14 Iowa, 152; 2 Pars. on bills, 501-2-3.*

But it may be said the principle, in equity, is different. The rule is the same:

"And the rule that an absolute note cannot be varied by evidence, is held in equity as in law." — *Pars. on bills 502; Wesley v. Thomas, 6 Harris & Johns. 23; Chetwood v. Britton, 1 Green. Ch. 439; King v. Baldwin, 2 Johns. Ch. 557, 58; Eveleth v. Wilson, 15 Maine, 109; Richardson v. Thompson, 1 Humph. 154–5.*

MARTIN *v.* HAMLIN.

But it may be insisted that this was an independent agreement, distinct from any of the writings, to have the land surveyed, and that the defendant would then pay a pro-rata sum per acre for the deficiency. If so, the contract was void by the statute of frauds. — *2 Comp. Laws, § 3177.*

No part of this assumed contract was put in writing. No reference was made to it in any of the papers prepared, and a studied silence preserved while these papers were in process of construction. If such a parol contract was made, it was a portion of the original arrangement between the parties, and as such, cannot be valid — part parol and part written. If it were a valid parol agreement, the complainant has an adequate remedy at law, and cannot revert to a court of equity for aid.

Pending the negotiation, prior to the delivery of the deed, as the contract was not in writing, either could recede at pleasure. Then if the complainant accept a deed, it will be held conclusive that the whole contract was embraced therein. — *Houghtaling v. Lewis, 10 Johns. 297; Mumford v. McPherson, 1 Johns. 414, 3 Id. 506, 10 Id. 297; Schemmerhorn v. Vanderheyden, 1 Johns. 140; Howlson v. Barker, 3 Johns. 506.*

The notes in this case were for the payment of five hundred dollars each at the time fixed; and it is sought to annul the same by a prior and parol agreement.

"It is a firmly settled principle," says Parsons, "that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making or indorsing of a bill, or note, cannot be permitted to vary, or qualify, or contradict, to add to, or subtract from, the absolute terms of the written contract."—*2 Pars. on Bills, 501.*

And "the rule that an absolute note cannot be varied by evidence, is held in equity as in law." — *2 Pars. on Bills, 505, 506; Gozaway v. Moon, Harper & Sarg. 401;*

*Broad v. White, 1 Ala. 436; Featherston v. Wilson, 4 Id. 154; Gregory v. Hart, 7 Wis. 532.*

CHRISTIANCY J.

The agreement set up in the bill in reference to a guarantee of the quantity of land, a survey of the premises, and an endorsement to be made on the mortgage for any deficiency, was, if any such existed, wholly verbal. Whether such verbal agreement was ever made, is a question upon which the evidence is conflicting, and much of it directly contradictory, leaving the question open to considerable doubt. But, without going at all into the question of the weight of the evidence, we propose to consider the case in the most favorable aspect to the complainant, which the testimony on his own part will warrant.

The case as presented by the evidence on the part of the complainant, including his own, is substantially this:

The defendant was residing on the farm at the time of the sale, and had resided there for some twenty-five years. Complainant and his father, who aided him in the negotiation, had also been acquainted with the premises for many years. There is no pretence on the part of complainant, that the actual boundaries of the land were not known by, and visible to, all the parties. But the defendant had never had it surveyed. At the time of the verbal arrangement for the sale, two or three days before the papers were executed, the defendant represented the land as containing one hundred and ten acres, and said he would warrant it to contain that quantity; and complainant thereupon, verbally agreed to purchase the farm, and pay four thousand two hundred dollars for it, if there should be that amount of land. This verbal arrangement was made at the defendant's house on the premises; and the parties were to go in a day or two after to Pontiac, and have the writings drawn. They met at Pontiac accordingly for that purpose. Mr. Car-

18 MICH.—Y.

hart, a justice of the peace, was employed at the suggestion of the defendant to draw the papers—a deed from defendant to complainant, and notes and a mortgage upon the land for part of the purchase money, and an assignment by the complainant to the defendant of another mortgage received as part of the purchase money.

Immediately before the papers were drawn, as the parties were going up into Carhart's office for the purpose, on, or at the foot of the stairs, a conversation was had between the parties in which it was verbally agreed, that complainant should or might get the' land surveyed by the county surveyor, and if it fell short (of 110 acres,) an amount proportioned to such deficiency should be endorsed on the first payment to be secured by the mortgage complainant was to give for fifteen hundred dollars of the purchase money. If the land should overrun, complainant was to pay for the excess at the same rate, though it is not stated how or when. The parties then went into the office, and while Carhart was drawing the deed of the farm, the defendant wished him to insert the words "more or less" after the words at the close of the description, "containing one hundred and ten acres." But to this, complainant's father, acting on his behalf (though he was himself present,) objected; because they did not know, as he says, how much land there was, and they were to have it surveyed, or, as stated by the father in his testimony, "because the complainant had nothing but the defendant's word for the amount of land, but expected one hundred and ten acres." The verbal agreement was not stated to the justice, or in his presence. The deed was drawn without the words "more or less," and the complainant executed his three promissory .notes for $500 each, and a mortgage upon the farm to the defendant securing the notes; having paid him in cash and by the assignment of a mortgage, the balance of the $4,200. Complainant says he delivered his mortgage and

notes, relying upon the understanding above stated. The papers were exchanged. Complainant received the deed, and went into possession. No written agreement was executed or seems to have been contemplated by either of the parties as to the survey or the endorsement of any deficiency.

Upon survey made some months after by the county surveyor, the farm was found to contain but ninety-three and a half acres; and the defendant being called upon to endorse the deficiency, refused.

From this statement, it is clear:

1st. That the verbal agreement, if made as claimed by the complainant, constituted, while the matter remained in parol, a part of the terms of the entire contract of purchase and sale.

2d. That the papers drawn by Carhart, and executed by the parties, together with the payment of a part of the purchase money, were intended and understood by both parties as the consummation of the sale by the one, and the purchase by the other.

3d. That the omission to insert in the deed or mortgage, or a separate instrument, any stipulation with reference to a survey to be had of the land, or the allowance or endorsement for deficiency, was not the result of any mistake of fact, or of inadvertence from the subject not occurring to the mind of the complainant; but that the subject of such survey and deficiency was present to his mind during the drawing of the papers, and that the deed was drawn without the words "more or less," with the idea that it would operate as a guaranty of the quantity. That the parties knew the contents of all the papers executed; that all were executed and exchanged without any oversight or mistake of fact, in the very form intended by all the parties, and that they contained all that the parties intended should be contained in any written evidence of the transaction between them.

It is not denied that, upon the face of the papers executed, and according to their legal effect, the complainant took the farm at his own risk as to quantity.—*Roat v. Puff, 3 Barb. 553,* and cases there cited. If in accepting the deed and exchanging papers, he did not intentionally abandon all claim of compensation for deficiency, he must have relied either, first, upon the quantity mentioned in the deed as a guaranty, or second, wholly upon the contemporaneous verbal agreement, or third, upon both together.

If he relied upon the first, it was a mistake of the legal effect of the instrument, the contents of which he knew—purely a mistake of law. This is no ground for relief. —See *Irnham v. Child, 1 Bro. C. C. 92; Townsend v. Stangroom, 6 Ves. 328, 332; Worrall v. Jacob, 3 Meriv. 267, 271; Hunt v. Rousmaniere, 1 Pet. S. C. R. 1; 2 Mason, 366; Gilbert v. Gilbert, 9 Barb. 532; Arthur v. Arthur, 10 Barb. 9; Farley v. Bryant, 32 Me. 474; Mellish v. Robertson, 25 Vt. 608.*

He can have no relief upon the ground of the verbal agreement alone, or in connection with the deed; because, first, to say nothing of the statute of frauds, it was a part of an entire contract for the sale of the land, made immediately preceding, and contemporaneous with the deed and other papers executed in consummation of the sale, and related to its very terms. It was, therefore, merged in, or cut off by the deed and other writings by which the sale was consummated, and which must, in the absence of fraud, be presumed to contain all the terms finally agreed upon.— *Street v. Dow, Harr. Ch. 429; Stevens v. Cooper, 1 Johns. Ch. 429; Stark. Ev. 660 to 665; 1 Greenleaf's Ev. Sec. 275; Cowen and Hills notes to Phil. Ev. Note, 948;* and see especially *Broughton v. Coffer, 18 Gratt. 184.*

2d. Because the parol agreement would tend to contradict and vary the notes and mortgage given by complainant at the same time as a part of the same transaction.—

*Jones v. Phelps, 5 Mich. 222; Adair v. Adair, Id. 204; Stevens v. Cooper, ubi supra ; Cook v. Combs, 39 N. H. 593; Oelricks v. Ford, 23 How. U. S. 49; Crosier v. Acer, 7 Paige, 141; Austin v. Sawyer, 9 Cow. 39, 49; Dix v. Otis, 5 Pick. 38; Powell v. Edmunds, 12 East. 6; Noble v. Bosworth, 19 Pick. 314; Conner v. Coffin, 22 N. H. 542-4; Gregory v. Hart, 7 Wis. 532 ; Hoyt v. French, 24 N. H. 199; Lang v. Johnson, Id. 302 ; Hoxie v. Hodges, 1 Oregon, 251; Underwood v. Simonds, 12 Metc. 278; Adams v. Wilson, Id. 138 ; Richardson v. Comstock, 21 Ark. 69; Oskaloosa College v. Stafford, 14 Iowa, 152; Parsons on Bills and Notes, 501, 503.*

And this rule applies as well in equity as at law.—*Wesley v. Thomas, 6 Har. and Johns. 24 ; Chetwood v. Brittain, 1 Green Ch. 439; King v. Baldwin, 2 Johns. Ch. 557 and 558 ; Eveleth v. Wilson, 15 Me. 109; Richardson v. Thompson, 1 Humph. 154.*

The cases of compensation for deficiency, relied upon by complainant's counsel, are mainly those arising upon contracts of sale or purchase not yet carried into effect by the execution of the final conveyance and other writings essential to its completion; and where the vendor has filed his bill for the execution of the contract, and the defendant has set up fraud, or mistake in quantity, or the omission in the writing, of terms verbally agreed upon, or a parol variation or discharge (as in *Winch v. Winchester, 1 Vesey & Beames, 375*, and other cases mentioned in *Story's Eq. Jur. Sec. 170*,) or, when the bill has been filed by the purchaser for the execution of the contract, for so much as the vendor is able to convey, or for so much as there is of the land (fraudulently represented by the vendor, and believed by the purchaser to contain more,) and for compensation for the deficiency, as in *Hill v. Buckley, 17 Ves. 395*, upon which complainants' counsel relies. Bills for specific performance in such cases, and defences thereto, stand upon principles so essentially different from those involved in the present case, as to require no comment.

*Belknap v. Sealey, 2 Duer, 570,* cited by complainant's counsel, was an action in the nature of a bill in equity, brought by the purchaser to rescind a contract for the purchase of land on the ground of a fraudulent representation of quantity, and sustained on the ground of mutual mistake. One of the express grounds upon which relief was given, as appears by the opinion of Emmett J., was that the contract or sale was yet *in fieri,* and therefore strictly within the equitable powers of the court.

It is true courts have not laid it down as an absolute rule that no relief shall be given for a deficiency, when the contract has been carried into effect by a deed. *Marvin v. Bennett, 26 Wend. 169,* was a bill brought for relief on this ground, after conveyance of the land and mortgage given back; and it was held that the bill could only be sustained on the ground of mistake or fraud, neither of which was established in that case, and the relief was denied.

The court recognized the fact that much stronger and clearer evidence is required of the mistake in such cases, than when the matter rests in contract of sale, and seem to think the evidence must be such as to remove all doubt; and they hold, in that case, that complainant's attention having been distinctly called to the question of quantity, and of a guaranty upon that subject, and having accepted the deed without such guaranty, and executed the notes and mortgage, took the chance of a deficiency or excess, and must be held virtually to have abandoned any claim for deficiency.

In the case now before us, no fraud is imputed to the defendant. The parties dealt with each other upon equal terms. There was no mistake in the execution of the papers intended to be executed. And by accepting the deed, executing the notes and mortgage, and going into possession under the deed, with full knowledge of the contents of all the papers, and the question of deficiency

present to his mind, and without asking for any written evidence of the supposed parol understanding, we think the whole contract must be conclusively presumed to be embraced in the papers executed. See *Howes v. Barker, 3 Johns. 506; Schermerhorn v. Vanderheyden, 1 Johns. 140; Houghtailing v. Lewis, 10 Johns. 297; Mumford v. McPherson, 1 Johns. 414; Broughton v. Coffer, 18 Gratton, 184.* We think the alleged verbal agreement in this case stands upon no better ground than would a parol reservation of growing crops on the land conveyed.

The decree of the court below must be reversed, with costs, and the bill dismissed.

The other Justices concurred.