[Sac. No. 882.   Department Two. — May 29, 1901.]

EBBE J. HANSEN, Respondent; v. J. WAGNER et al., Appellants.

FORECLOSURE OF MORTGAGE — CONSENT TO DECREE — ISSUES AS TO OWNERSHIP OF NOTE AND MORTGAGE — DECREE FOR DEFENDANT — CROSS-COMPLAINT — JURISDICTION — TITLE. — Where the mortgagor and another defendant appeared in an action to foreclose the mortgage, and consented to a decree of foreclosure, and issues were joined between the plaintiff and another defendant as to the ownership of the note and mortgage, which were determined in favor of such defendant, who prayed in his answer for a foreclosure, the fact that a cross-complaint, ordered by the court to be filed by him, was not served upon the defendants who consented to judgment, cannot affect the jurisdiction of the court to foreclose the mortgage in his favor, nor render invalid a purchase made by him under the decree and order of sale.

ID. — DECREE SUPPORTED BY ANSWER — CROSS-COMPLAINT UNNECESSARY — AIDER OF ANSWER BY COMPLAINT. — The answer of the defendant was sufficient to support the decree; and the cross-complaint subsequently ordered and filed was unnecessary. The other defendants, who consented to judgment, had no concern in the issues raised by the answer as to the ownership of the note and mortgage sought to be foreclosed; and if there were any defects in the answer in not repeating the allegations of the complaint, such defects were aided by the complaint.   Neither the action nor the cause of action set up in the answer was different from that set up in the complaint.

ID. — COLLATERAL ATTACK UPON DECREE — EJECTMENT. — The court which rendered the decree of foreclosure had jurisdiction of the subject-matter and of the parties, and its decree, even if erroneous, cannot be collaterally impeached in an action of ejectment brought by the purchaser, who obtained title thereunder, against the successor in interest of the mortgagor.

APPEAL from a judgment of the Superior Court of Madera County.   W. M. Conley, Judge.

The facts are stated in the opinion.

Robert L. Hargrove, for Appellants.

B. W. Child, and W. H. Larew, for Respondent.

SMITH, C.— Appeal from a judgment for plaintiff in eject-ment. The plaintiff and the defendant Joseph Wagner both deraign title from one George Hansen,— the plaintiff, under foreclosure of a mortgage made by him to John Hansen, August 6, 1892; the defendant, under a deed subsequently made by the mortgagor to one Eubanks, and a deed of the latter to him, of date May 10, 1897.

The controversy turns upon the effect of the foreclosure pro-ceedings, which, in brief, were as follows: The complaint for foreclosure was filed by John Hansen, Sen., against George Hansen, Eubanks, John Hansen, Jr., and certain fictitious defendants. The complaint contained the usual allegations, except that, in addition, it alleged, in effect, that the plaintiff was the owner of the note and mortgage, which, it was alleged, were taken for him by John Hansen, Jr., as his agent; that the latter unlawfully retained the note and refused to deliver it; and— under the general allegation— that he (as one of the defendants named) claimed to have some interest in the prem-ises, etc., as "mortgagee" or otherwise. The complaint prayed for foreclosure in favor of the plaintiff, and for judgment against John Hansen, Jr., for the delivery up of the note. ·

The defendants George Hansen and Eubanks filed a written appearance, April 10, 1896, consenting that plaintiff might take judgment against them for the relief prayed for.

The answer of the defendant John Hansen, Jr., filed April 18, 1896, admits the execution of the note and mortgage set out in the complaint, etc., the non-payment of principal or interest, his refusal to deliver the note to the plaintiff, etc., but denies that he took the note and mortgage as agent of plaintiff, and alleges his own ownership of the same. It concludes with a prayer for the foreclosure of the mortgage in his favor.

The case, on the issues thus made, was called for trial on the eighth day of May, 1897, and the court, after ordering judgment in favor of John Hansen, Jr., also ordered him to file a cross-complaint; and accordingly, on May 10, 1897, an amended answer and cross-complaint was filed by him. The answer, amended answer, and cross-complaint was served on

the plaintiff, but not on the defendants George Hansen and Eubanks. Notice of *lis pendens* was filed by the plaintiff, but not by the defendant. Findings were subsequently filed, and judgment entered, May 10, 1897, in favor of defendant John Hansen, Jr., who, on a subsequent sale, became the purchaser, and in due time received his deed.

The sole point made by the appellant is, that the court had no jurisdiction to render the judgment of foreclosure. But this point, we think, is untenable. The ownership of the note and mortgage was involved in the suit as made by the original complaint; and the appearance and default of the defendants authorized the court to proceed— so far as they were concerned —to dispose of them and to adjudge the foreclosure accordingly. The answer of John Hansen, Jr., praying for foreclosure in his favor, was sufficient to empower the court to render the judgment, and there was not even error in doing so. (Code Civ. Proc., secs. 437 et seq.) Neither the *action* nor the *cause of action* set up in the answer was different from that set up in the complaint. The cause of action was the note and mortgage, or, rather, the obligation thereby created. The action was the right of the mortgagee to recover. (*Frost* v. *Witter*, 132 Cal. 421.) The sole issue raised by the answer was the ownership of the obligation or action (Civ. Code, secs. 655, 14),—a question in which the defaulting defendants had no concern. If the answer was defective in not repeating the allegations of the complaint as to the execution of the mortgage, etc., it was aided, and the defect cured, by the allegations of the complaint. (1 Chitty on Pleading, 703; Bliss on Code Pleading, sec. 437, and cases cited; *Herd* v. *Tuohy, ante,* p. 55; *Johnson* v. *Polhemus,* 99 Cal. 246, 247, citing *Belknap* v. *Sealey,* 2 Duer, 570, and *Harden* v. *Ware,* 5 Pac. C. L. J. 317 (not reported). But we do not think it was defective. The cross-complaint ordered and subsequently filed was altogether supererogatory. It neither added to nor detracted from the jurisdiction of the court. Still less can the jurisdiction of the court be successfully attacked. The court had jurisdiction of the subject-matter, and all the parties were before it. Its judgment, therefore, even if erroneous, could not be collaterally impeached. (Hawes on Parties to Actions, sec. 6; Jones on Mortgages, sec. 1369; *White* v. *Patton,* 87 Cal. 152; Code Civ. Proc., sec. 416.)

The judgment should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.