BRIDGET McCAULEY, Respondent, *v.* BROOKLYN STEAM MARBLE COMPANY, INC., Appellant.

Second Department, February 13, 1920.

**Vendor and purchaser — equity — reformation of contract for sale of real estate.**

A contract under seal for the sale of real property will not be reformed at the suit of the vendor by writing into the contract, over the protest of the vendee, covenants and agreements which the vendor knew were not in it at the time of its execution and which were deliberately omitted therefrom.

APPEAL by the defendant, Brooklyn Steam Marble Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of June, 1919, upon a decision of the court after a trial at the Kings County Special Term.

This suit is for the reformation of a contract under seal for

the sale of real property and for the specific performance of the contract as reformed.

*Bruce R. Duncan,* for the appellant.

*Robert P. Orr* [*Chauncey H. Humphreys* with him on the brief], for the respondent.

Kelly, J.:

There is no evidence in the record warranting the finding of the learned trial justice that " plaintiff informed defendant, through its officers in charge of said transaction and negotiations, that certain violations had been filed in one of the Municipal Departments of the City of New York, against said premises because of alleged cracks or defects in the walls of said building, and also that there was a slight encroachment of not over two inches on the land immediately adjoining the premises of said plaintiff on the east." The defendant denies knowledge of the notices of violation and of the encroachment, and the plaintiff's husband who represented her did not testify that he told the defendant that the city departments had instituted proceedings against the property, or that notices were on file, although the evidence shows that plaintiff knew the facts. Nor does he testify that he told defendant's representative that there was an encroachment of not over two inches; on the contrary, his witness, the real estate broker, expressly states that the extent of the encroachment was not mentioned.

The learned trial justice has decreed the reformation of the contract of sale by inserting clauses therein which were deliberately omitted. The plaintiff's real estate agent who prepared the contract, under seal, testifies that he called attention to the condition of the building and the encroachment, and asked whether he should refer to the matters in the contract, and that defendant's representative said it was not necessary. And he testifies that Mr. McCauley said he was satisfied with the contract as prepared, the language used according to the witness being: " I will take Mr. McCauley's word for it, and I presume he will take mine." So the contract was prepared and executed under seal, and it

contains no reference to encroachments or to the notices of violations filed; on the contrary, the plaintiff expressly covenants that there are no violations on file, or, if there are any, that she will remove them. This, she did not do. The court has written into the contract covenants and agreements not made by the parties and deliberately omitted. If this may be done, there is little left of the inviolability of written contracts under seal. But this is contrary to the rule laid down in *Wilson* v. *Deen* (74 N. Y. 531), where the Court of Appeals says: " The rule is the same in equity as at common law, and although, in equity, a written contract may be set aside or reformed, for fraud or mistake, it cannot be controlled by evidence that it was executed on the faith of a cotemporaneous or preceding oral stipulation not embraced in it, nor can it be set aside on the ground that such oral stipulation has not been performed, unless it is also shown that the stipulation has been omitted by mistake."

And in the same case the court said: " It is unnecessary to say that, in this State, such a doctrine has never been adopted, and that the current of our authorities sustains the proposition that, both at law and in equity, one who sets his hand and seal to a written instrument, knowing its contents, cannot be permitted to set up that he did so in reliance upon some verbal stipulation, made at the time, relating to the same subject, and qualifying or varying the instrument which he thus signs. The very purpose of the rule which excludes evidence of such declarations, is to avoid the uncertainties attendant upon such evidence, and equity will not set aside that important and well settled rule for the purpose of relieving a party against a risk, which, upon his own showing, if it be true, he has voluntarily incurred. It is only when through fraud or mistake a party has executed an instrument which he believes to be in accordance with the real agreement, but which is, in fact, different, that equity will relieve; and even then, the mistake, as well as the agreement, must be made out by clear proof."

Professor Pomeroy discusses this subject (2 Pom. Eq. Juris. [4th ed.] chap. 3, section II, § 854): " Thus if parties knowingly and intentionally add to or omit from their written agreement a certain provision, such adding to or omission

cannot constitute a mistake, so as to be a ground for relief." And the learned author in the note attached to the section quoted (4th ed.) says: " The exact import of this rule should not be misapprehended. The parties may be in error as to the *legal effect* of the addition or omission; this would be a mistake of law which, as has been shown, would not be relieved. They *might* also be mistaken as to the subject-matter of the provision added or omitted, or *possibly* as to its language, and such an error might be a mistake of fact. The rule of the text simply declares that when an act is done intentionally and knowingly, the *very doing itself* cannot be treated as a mistake entitled to relief; the elements of knowledge and intention contradict the essential conception of mistake. (See *Marquis of Townshend* v. *Stangroom*, 6 Ves. 328, 332; *Lord Irnham* v. *Child*, 1 Brown Ch. 92; *Lord Portmore* v. *Morris*, 2 Brown Ch. 219; *Hare* v. *Shearwood*, 3 Brown Ch. 168; *Cripps* v. *Jee*, 4 Brown Ch. 472; *Pitcairn* v. *Ogbourne*, 2 Ves. Sr. 375; *Betts* v. *Gunn*, 31 Ala. 219.) Where a verbal stipulation is made at the same time as the written contract, and is omitted intentionally on the faith of an assurance that it shall be as binding as though incorporated into the writing, the rule as generally settled does not permit such provision to be proved and enforced. It is said that, there being no fraud or mistake, to allow the verbal term to be proved by parol evidence, and the written agreement to be thereby varied, would be a violation of the Statute of Frauds, and would introduce all the evils which the statute was designed to prevent. The relief given in cases of fraud and mistake stands upon different grounds; although *appearing* to conflict with the statute, it is really carrying out the ultimate purposes of the Legislature by preventing injustice. No such grounds, it is said, exist where parties have intentionally omitted provisions from their written agreements. (See cases cited above; also *Stevens* v. *Cooper*, 1 Johns. Ch. 425, 7 Am. Dec. 499; *Dwight* v. *Pomeroy*, 17 Mass. 303, 9 Am. Dec. 148; *Towner* v. *Lucas*, 13 Gratt. 705; *Broughton* v. *Coffer*, 18 Gratt. 184; *Knight* v. *Bunn*, 7 Ired. Eq. 77; *Westbrook* v. *Harbeson*, 2 McCord Eq. 112; *Ware* v. *Cowles*, 24 Ala. 446.) "

The uncontradicted evidence shows that the plaintiff was unable to perform her contract. The default was on plaintiff's

part, not on the part of the defendant.   To say that a court of equity over the protest of one of the parties to a written instrument under seal may write into the agreement covenants and agreements which the plaintiff knew were not in it at the time of execution and which were deliberately omitted, seems to be a dangerous assault upon the integrity of such instruments not authorized by law.

The judgment should be reversed upon the facts and upon the law, with costs, and judgment directed for the defendant dismissing the complaint upon the merits, with costs, and for the recovery of the deposit made and the expenses incurred in searching the title, with interest.   This court reverses the 3d, 4th, 5th, 7th, 8th, 9th and 10th findings of fact of the learned justice at Special Term, and all of the conclusions of law — and makes the findings of fact requested by defendant to be amended so as to declare the existence of the incumbrances found as of the date of the trial, and also the 1st, 2d, 3d, 5th and 6th conclusions of law as requested by defendant.

Rich, Putnam, Blackmar and Jaycox, JJ., concur.

Judgment reversed upon the facts and upon the law, with costs, and judgment unanimously directed for the defendant, dismissing the complaint on the merits, with costs, and for recovery of the deposit made and the expenses incurred in searching the title, with interest.   This court reverses the 3d, 4th, 5th, 7th, 8th, 9th and 10th findings of fact, and all of the conclusions of law, and makes the findings of fact requested by defendant to be amended so as to declare the existence of the incumbrances found as of the date of the trial, and also the 1st, 2d, 3d, 5th and 6th conclusions of law as requested by defendant.   Settle order on notice.