## Myers *et al.* v. Oglesby *et al.*

Where a note was given for a particular sum, and the makers of the note executed a bond of even date for the same amount as the note, conditioned for the payment of that amount, reciting that it was for a loan of money to be discharged by the delivery of cotton, the court held that it should have been left to the jury to say whether the bond was given for the debt secured by the note.

Giving a bond for a simple contract debt is *per se* a discharge of the latter.

It is not error to refuse an instruction which has no application to the evidence.

IN ERROR from the circuit court of the county of Holmes.

This was an action of assumpsit founded on the following promissory note:

"Tchula, Mi., October 15, 1838. Eighty days after date, for value received, we, Samuel Swisher, John White, Jesse Wadlington, and J. W. Myers, jointly and severally, promise to pay Oglesby & Land, or order, sixteen hundred dollars, negotiable and payable at the Bank of Lexington.

(Signed)       S. Swisher,<br>John White,<br>J. Wadlington,<br>J. W. Myers."

The defendants plead non assumpsit and payment, upon which there was issue joined. After the above note had been read in evidence, the defendant, Myers, to show that the note had been merged in a specialty, offered to read in evidence to the jury a penal bond for thirty-two hundred dollars, bearing date the same time of the note, and signed by the makers of the note. The condition of the bond was as follows:

"Whereas the above bound Samuel Swisher has received a loan of sixteen hundred dollars from said Oglesby & Land, and for the payment of said sixteen hundred dollars he agrees to deliver to the said Oglesby & Land forty bales of good merchantable cotton, at Tchula, within eighty days, the cotton bales to average four hundred pounds each; said cotton to be shipped to New Orleans, for

Myers *et al. v.* Oglesby *et al.*

sale on account of Oglesby & Land, and the proceeds to be applied in liquidation of the said loan of sixteen hundred dollars. Should such proceeds overpay said loan, the surplus to be paid over to the said Samuel Swisher." ·

The court refused to permit this bond to be read in evidence, to which the defendants excepted.

· The defendants' counsel asked the court to charge the jury that if they, "from the evidence, should believe that the money was advanced to Swisher upon this note on a day prior to that on which Myers, the defendant, signed it, that then the mere signing the note by Myers is not such a contract as will authorize a recovery by the plaintiffs, unless it should have been also proved to the satisfaction of the jury that Myers promised to sign the note in consideration that the money should be so advanced by the plaintiffs, and that he also made such promise before the money was actually advanced," which instruction the court refused to give: exceptions and writ of error to this court.

After the judgment, the court, at a subsequent term, permitted the death of one of the plaintiffs to be suggested, and remitted the difference between the verdict of the jury, as to Myers, and the judgment by default against the other defendants. All of which is now assigned for error.

Wilkinson & Miles for plaintiffs in error.

The judgment by default should have been set aside as to *all* the defendants, as well as to Myers; for, although Myers might, by possibility, have shown to the court, by his affidavit, some matter of defence which was applicable to him, and not to the other defendants, (as infancy, the non-execution of the note sued on, &c.) yet it appears, by the subsequent pleadings, that he did not do so.

The affidavit made by Myers to set aside the judgment by default, is not incorporated in the record, but it is a fair presumption that he set out in his affidavit the matter which he afterwards relies on in his pleas, and that only. Now, the pleas of Myers would equally have availed the other defendants. *Payment* was the plea mainly relied on; and it was, if supported by the evidence, a

complete defence as to all the defendants; and the motion having been made by all, should have been allowed as to all.

Secondly. The second plea, which was one of "payment," was demurred to generally; and it appears from the record that the judgment of the court, upon overruling the demurrer, was, that the plaintiffs "answer over." It is true that this does not plainly appear from the record; but it is a necessary inference, for the demurrer is not simply passed over and abandoned or *withdrawn*, but we see the plea *renewed*, offsets filed by consent, and issue in fact taken on it. On this state of the case, the judgment overruling the demurrer should have been *final* for the defendant.

Thirdly. The court undoubtedly erred in refusing the instruction asked for by Myers. The note was a "nud. pact." as to him, if it was perfect in the contemplation of the other parties to it before he executed it, and if no consideration afterwards moved him to become a party to it. That the mere maker promised to pay the already existing debt of another is void, see (if such a proposition need the support of modern authorities) the case of Leonard *v.* Vredenburg, 8th J. R. 29. Indeed, it is well settled that a post consideration will not support an assumpsit, even if *beneficial* to the party sought to be charged, unless he *afterwards* assent. 20th J. R. 28; 6th Wendel, 647. It was error, therefore, in the court to refuse the instruction, and the recital or statement in the bill of exceptions that "proof had been introduced by the plaintiffs to show that a promise had been made on the part of the defendant, Myers, prior to the signing of the note," proves nothing, or at any rate does not prove that the jury was not misled by the refusal of the judge to give the instruction asked for.

We also insist that the position assumed by the plaintiff in error in the third assignment of errors, is tenable as a proposition of law. The bond, bearing the same date of the note, being for the same sum, and made by the same parties, and reciting in its condition the transaction of the loan in the manner that it does, affords of itself strong proof that both securities were given as evidences of the same debt—and, at any rate, the court palpably usurped the appropriate function of the jury in judging of the weight of evidence conducing to this effect, and in excluding the

Myers *et al. v,* Oglesby *et al.*

bond from the jury. For if it had gone to the jury, and they, from the bond alone, or in connection with other evidences, had believed that the bond and note were both evidences of the same debts, is it not too plain for argumentation that the *lower* would have been merged and sunk in the *higher* security, and that the plaintiffs, as a consequence, would have been nonsuited?

It will be contended that the bond was taken merely as collateral security to the note; not so, however—for, a collateral security, when it consists of choses in action, consists of the notes, bonds, &c. of third persons—not of another instrument of the same party for the same debt.

It is undoubtedly clear that a recovery on this note would be no bar to a recovery on the bond. There is nothing to prevent the defendants in error from proceeding, even *now*, in an action of covenant or debt, upon this bond; and from ultimate success, too, if the bond has not been paid or released. This, we apprehend, will not be denied. Now this would not be law, if the bond did not operate as a merger of the note; for otherwise there could be separate suits and recoveries for the same cause of action, and a double satisfaction of the same debt. But a bond, importing from its seal a degree of verity and of justice of the demand, which a mere note of hand does not, and operating often as an estoppel to the obligor, so as to prevent him from ravelling up the transactions which led to it, is justly regarded in law as a complete extinguishment of all evidences of the same debt or duty of a degree or grade inferior to it. The same principles are known to be too familiar to the court to require any support from cited cases, and none will therefore be offered. They are very well commented upon and industriously collected by Judge Tucker, in the 2d volume of his Commentaries, pages 26, 7 and 8.

Mr. Chief Justice Sharkey delivered the opinion of the court.

This action was founded on a joint and several promissory note made by Swisher, White, Wadlington and Myers, payable to the defendants in error, and the assignment of errors is predicated on several bills of exceptions which were taken on the trial by the plaintiffs in error. By the first, it is shown that after the note had been read as evidence, the defendants offered a bond, signed by

5*

the same parties, and payable to the same parties, bearing even date with the note, in the sum of thirty two hundred dollars, conditioned for the delivery of forty bales of ginned cotton at Tchula, within eighty days, to the plaintiffs below, in which is a recital to the effect that Swisher had received a loan of sixteen hundred dollars, (which is also the amount of the note,) in payment of which the cotton was to be delivered, and the surplus, if any, to be refunded.

The object was to show that the bond was given to secure the same debt for which the note had been given, and that the note was thereby merged in the bond, and extinguished. The court refused to permit the bond to go to the jury, and decided that the note was not merged, and that the action on it was well brought. This decision is complained of, because it was a question of fact, to be decided by the jury, whether the bond was for the debt secured by the note, and also because of the error in deciding that the higher security did not extinguish the legal effect of the lesser; and these objections we think are well taken. It is clearly true, as a legal proposition, that a simple contract debt is merged, extinguished, or satisfied, by giving a bond for it. Both securities for the same debt cannot exist, and the higher is to be preferred by the law. Chitty on Contracts, 291; 5 Mass. Rep. 11. A bond taken as additional or collateral security merely, would not extinguish a simple contract debt; but as this bond was given by the same parties, for the same amount, it is difficult to regard it in the light of a collateral security, if indeed it was given for the same debt. But even if it were given as collateral security, it devolved on the plaintiff below to show this fact, for this reason: the giving of a bond for a simple contract debt, is *per se* a discharge of the latter; and if the transaction was susceptible of an explanation which would vary the necessary legal effect, such proof should have come from the party who insisted that it was but collateral security; but the record contains no such proof. The court seems to have taken it for granted that both securities were for the same debt. This was properly a question of fact for the jury, and if the question of law had been correctly decided, the other party might have justly complained that the court had decided on the question of fact. But if the fact was as the court seems to have

considered, that both securities were for the same debt, then the court mistook the law in saying that the simple contract debt was not merged. The question of fact should have been left to the jury, under a charge that if they believed the bond was given for the same debt secured by the note, then the note was merged in the bond, and the plaintiff could not recover in this form of action; for such an objection may be made under the general issue pleaded, as was done in this case.

Another bill of exceptions was taken on the refusal of the court to charge the jury. The plaintiff introduced the note, and offered proof to show that Myers had made a promise prior to the signing of the note; and upon this state of the case the court was asked to instruct the jury, that if the money was advanced to Swisher prior to the making of the note by Myers, that then the mere signing by Myers is not such a contract as will authorize a recovery, unless it should appear that Myers promised to sign the note prior to the loan, and in consideration that the money should be advanced, which the court refused to do. Even if such a charge would be proper under a different state of case, there was nothing before the court to justify it. The note was evidence of the debt; it bears date the 15th of October, 1838, and this is to be regarded as the day of its execution by all the parties, until the contrary be shown; and there was no evidence that Myers signed it at a different time. There was therefore no evidence in the case to which the charge could apply. It was but an abstract question of law, which was properly refused. The proof by the plaintiff that Myers had made a previous promise was unnecessary, and laid no foundation for the charge. In the argument, this question has been treated as though Myers had made a subsequent or collateral promise to pay the pre-existing debt of Swisher, but the case shown by the record is an original entire transaction, and even if the money was advanced to Swisher alone, it was a sufficient consideration for the liability of all the parties. For the first error, however, the judgment must be reversed, and cause remanded.