THE FIRST NATIONAL BANK OF TAMA CITY v. SCHLICHTING ET AL.

1. **Contract:** EFFECT OF BOND EXECUTED TO SECURE: WAIVER. Upon a note executed by several parties to secure advances to an individual named, was an agreement in writing, making the note void upon certain conditions. Subsequently, and before the advances were made, three of the makers executed a bond to indemnify the payee for any loss which he might suffer by a breach of the agreement entitling the makers of the note to a release from liability. In an action against the obligors of the bond, it was *held* that, in legal effect, the bond became a part of the original agreement and amounted to a waiver of any condition of the agreement inconsistent therewith.

2. ———: ———: ———. That the obligors would have a complete legal defense to the note under the agreement, is no defense to an action on the bond. The latter created an absolute, unqualified liability, and restored the note to the character it possessed before the execution of the agreement.

### Appeal from Tama District Court.

TUESDAY, OCTOBER 27.

THE petition, amongst other things, alleged in substance that on the 10th day of June, 1871, the defendants and others, numbering in all about forty persons, executed to G. H. Warren, then cashier of the Tama County Bank, a promissory note for the sum of $2,500.00, payable January 1st, 1872, with interest at ten per cent.

That at the time of the execution of said note, M. C. Ehlers was engaged in the purchase of grain and was the principal debtor, and the other defendants were sureties for him, and the note was to be left in said Tama County Bank to secure any money advanced by the bank to Ehlers, not exceeding the face of the note. That upon the back of the note was the

following: " This note is subject to the agreement hereto annexed."

The agreement is as follows: " This agreement made and entered into between M. C. Ehlers, of Tama county, Iowa, of the first part, and R. Reichman and others of the second part, on this 10th day of June, A. D. 1871, witnesseth: The said party of the first part, for the consideration of twenty-five hundred dollars, hereby agrees to secure the payment of a certain promissory note for the aforesaid sum by mortgage on his warehouse, situated in Tama City, Tama county, Iowa; also on the scales, bags, fanning mill, and the grain he ever possesses at any time between now and the first day of January, 1872. And he further agrees:

1. To release another mortgage given on the aforesaid property.

2. To ship all his grain in the name of G. H. Warren, of Tama County Bank, and to receive the payment for the same.

3. That the note hereto annexed shall be signed by forty freeholders of Tama county.

4. To make true and correct returns of his business affairs to the persons appointed by the signers of the aforesaid note whenever demanded during the aforesaid time.

5. That none of the money shall be drawn for any other purpose than to buy grain, except the net profits.

The parties of the second part hereby reserve the right to control the entire business of M. C. Ehlers as they may deem best; and it is further expressly understood by and between the parties herein named, that the conditions herein contained must be strictly performed on the part of said M. C. Ehlers, otherwise the parties have the right to withdraw their names from further responsibility."

That said G. H. Warren, before he would accept of said note with said agreement, required some further understanding of said contract, so that the bank or himself would not be troubled by the condition appended to said note, contained in said contract, whereupon the defendants, Jurgen Cohrt and William Schlichting and Henry Schaible, entered into an agreement with said Tama County Bank as follows: " Know

all men by these presents that we, Jurgen Cohrt, William Schlichting and Henry Schaible, all of Tama county, State of Iowa, are held and firmly bound unto G. H. Warren, cashier of said Tama County Bank, in the penal sum of twenty-five hundred dollars, well and truly to be paid to said G. H. Warren, cashier. The condition of the above obligation is such that, whereas the above Jurgen Cohrt, William Shlichting and Henry Schaible, with others, have executed to G. H. Warren, cashier, their certain promissory note for the sum of twenty-five hundred dollars, dated June 10, 1871, and due January 1, 1872, as collateral security for the purpose of securing said G. H. Warren, cashier, in advancing money to one M. C. Ehlers, one of the makers of said note; and whereas there is on the back of said note a clause making the same subject to the conditions of a certain contract or agreement made between said M. C. Ehlers and the other signers of said note.

Now, if the said Jurgen Cohrt, William Schlichting and Henry Schaible shall and will pay, or cause to be paid, the said G. H. Warren, cashier, all the damages he may sustain by reason of any of the makers of said promissory note taking advantage of said clause, or the breach of said contract, in defense to any suit that may be brought on said note, then this obligation to be void and of no effect; otherwise in full force and virtue."

That the Tama County Bank sold and delivered said note, endorsed by G. H. Warren, its cashier, to the plaintiff, and handed over the contract thereto attached and the bond above referred to, and that the sum of seventeen hundred dollars is due and owing to plaintiff upon said note.

The defendants admit the principal allegations of the petition, but deny that the advances were made in accordance with the agreement, and allege that the bond set out in the petition was procured by fraud. The defendant, Schlichting, for a separate defense, alleges that he paid $62.50 on said note, which was accepted in full satisfaction of any claim against him.

The cause was tried by a jury, who found for plaintiffs against both defendants. Motion for new trial was overruled,

and judgment was entered upon the verdict for $1670.57. Defendants appeal.

*Bradshaw Bros.* and *Putnam & Rogers*, for appellants.

*Stivers & Safely* and *Harmon & Mills*, for appellees.

DAY, J.—The answer admits that the note in question was executed by Ehlers, the appellants and others, to secure the Tama County Bank for advances to be made to Ehlers. The allegation that said Tama County Bank sold and transferred the note, and handed over the bond and contract referred to in the petition to the plaintiff, and that plaintiff thereby became the owner of the note, the bond and contract, is not denied in the answer, nor is there any general denial; hence this allegation is admitted.

The defendants also admit that they were appointed a committee to act on behalf of the sureties on said note, and to take charge of the mortgaged property of Ehlers. The evidence shows that the Tama County Bank refused to make any advances until after the execution of the bond, and that subsequently the bank did advance to Ehlers to the amount of the judgment herein recovered. The first advancement was applied in part to the payment of an old note of Ehlers' to the bank, upon which the defendants with others were sureties. It is urged that the court erred in admitting the bond, and in giving the following instruction: "As to the bond which was signed by these defendants,—the legal effect of this bond is this: It is a waiver of any breach of the original contract. That is, if this bond was fairly obtained from these defendants; it is a waiver of any defense they might have on account of an improper application of the money advanced by the bank, and it attaches to their original contract, so to speak, and makes them liable."

I. It is claimed that the obligation of the bond to indemnify against the damages therein specified, is special, and

1. CONTRACT: effect of bond executed to secure.

limited as to its benefit to the obligee therein named, G. H. Warren, cashier, or the Tama County Bank, and that it is assignable only after

breach. This position, although at first view plausible, is not sound. The instrument executed by defendants and the various other parties to the Tama County Bank, although called a note, is, on account of the conditions attached to it, a mere contract to indemnify the bank on account of advances which it might make to Ehlers.

The conditions were of such a character as to very much impair the value of the security, and they imposed upon the bank duties so onerous and impracticable that the bank refused to make any advancements upon the agreement as it then existed. The bond modified this agreement. It obviated the effect of its obnoxious provisions. It enhanced its value as a security. When the money was finally advanced by the bank, can it be doubted that it was advanced upon the faith of the agreement, as enlarged and extended by the provisions of this bond? And when the bank made this advancement what right did it acquire? Clearly the right to insist, as against these defendants, upon the terms of the original contract, and the provisions of the bond. As to these defendants the bond interpolated a new term into the agreement. Before, any one was at liberty to insist that the money had not been applied according to the agreement, and if such defense was made and maintained, the bank was without remedy; but now the defendants agree to pay all damage which may be sustained from the making of such defense. In legal effect it is the same as though the conditions of this bond had been incorporated into the original agreement, and executed by the defendants. When the money was advanced, a right arose to insist upon the agreement so modified. It was competent for the Tama County Bank to assign the right of action as it existed in its hands, and to substitute the plaintiff in its place, with all its rights. The petition alleges in substance that this was done, and the answer admits it.

2. It is claimed that this instruction gives a too extensive operation to the bond. If no conditions had been attached to the instrument executed to the Tama County Bank, and it had remained a simple promissory note, it would have bound the makers absolutely to pay all the advan-

ces made pursuant to it, without reference to the purpose for which it was made, or the use to which it was applied. The bond refers to the contract attached to this instrument, and provides for the payment of all damages which may be sustained because of any of the makers taking advantage of it. It, in effect, stipulates that the contract shall impart an unconditional, unqualified liability, and that if any of the makers refuse to so regard it, the defendants will make good the damages occasioned thereby. It is clear that these defendants might alone have been sued upon this agreement. If they had been so sued, and had set up as a defense the breach of the contract herein referred to, and had thereby defeated a recovery, this would have constituted a breach of the bond, for which they would have been liable. But surely it will not be claimed that they have a legal right to interpose a defense and occasion a damage, which they are under a legal contract to pay if it shall be occasioned. This would merely cause a circuity of action, and increase the expense of litigation. The defendants would be enabled to defeat one action, but by the act of defeating it they would render themselves liable to another. Their contract to pay all damages which such a defense might occasion, must amount to a waiver of the right to interpose such a defense themselves. The construction which the court placed upon the bond, we regard in all respects as correct. The objections urged to the admission of the bond in evidence are the same as those presented to the instruction. They require no further notice.

We discover no error in the record.

AFFIRMED.