MARK H. DIX v. JUDITH T. DIX

191 So. 205
Division A
Opinion Filed September 26, 1939

*S. P. Robineau* and *Garland M. Budd,* Jr., for Petitioner; *Aronovitz & Goldstein,* for Respondent.

BUFORD, J.—This cause is before us on certiorari to review an interlocutory order denying motion to dismiss bill of complaint filed for the purpose of procuring an order modifying a property settlement and a final decree approving such settlement entered at the culmination of divorce proceedings in which the complainant here was complainant and procured decree of divorce dated the 26th day of May, 1936.

The final decree in which jurisdiction was not retained for any purpose contained the following:

"8. That the certain agreement entered into by and between the parties hereto on May 26th, 1936, a full true and complete copy of which is hereto annexed and marked 'Exhibit A,' be and the same is hereby ratified, approved and confirmed, and the terms thereof hereby adopted as a full, complete and final settlement of all alimony, dower, and property rights between the Complainant and the Defendant."

The agreement contained *inter alia* the following:

"Whereas, party of the first part and party of the second part have been advised by their counsel in the above stated cause that it is proper for said parties, in contemplation of said final decree being entered in the cause, and pursuant therewith, that they enter into an agreement wherein the said party of the first part does agree, in consideration of the covenants and agreements of the party of the second part, to create a trust fund for said party of the second part, to-wit, Judith T. Dix, and to provide for such other provisions in the agreement as are contained herein, and accordingly a stipulation has been entered into between the parties providing for the creation of such a trust fund by party of the first party for party of the second part, Judith T. Dix, a copy of which stipulation is annexed hereto and made a part hereof.

"Now, Therefore, in order to carry out the terms of the aforesaid stipulation on the part of the party of the first part, and to carry out the covenants and obligations and release agreement on the part of the party of the second part, it is hereby agreed between the parties, for valuable consideration moving from each to each, and for other good and valuable considerations, the receipt whereof is hereby acknowledged from each to each, as follows:

"1. Party of the first part, to-wit: Mark H. Dix, agrees to deliver and does simultaneously with the execution of this agreement deliver to Abe Aronovitz and J. W. Watson, Jr., Attorneys at Law, as 'Temporary Trustees' the sum of Five Thousand Dollars ($5,000.00) in lawful money of the United States of America, to be held by them in trust subject to the agreements and instructions hereinafter contained, and the said Abe Aronovitz and J. W. Watson, Jr., Attorneys at Law, as 'Temporary Trustees' undertake to hold said money under the terms and instructions of this agreement, to-wit: (A) The 'Temporary Trustees' agree, during the continuance of the trust held by them, to pay over to the party of the second part, immediately upon the entry of the final decree of divorce between the said Mark H. Dix and the said Judith T. Dix, the sum of Five Hundred ($500.00) Dollars and to pay out of the balance of Forty-five Hundred Dollars ($4,500.00) to Judith T. Dix, the sum of One Hundred Fifty Dollars ($150.00) monthly until the entire fund is exhausted. The 'Temporary Trustees' shall take such steps, as soon as practical, to designate a successor trustee, such Trust Company selected by Judith T. Dix, and the 'Temporary Trustees' shall then transfer the balance of the funds on hand under an arrangement whereby the successor trustee shall follow out the instructions as above stated, to-wit, to pay to Judith T. Dix, a monthly payment of One Hundred Fifty Dollars

($150.00) out of the trust funds, the trustees to have the power to invest the cash in Government bonds when in their discretion it is deemed proper, or when directed by the said Judith T. Dix to do so.

"2. In consideration of the creation of this trust and the payment of the Five Thousand Dollars ($5,000.00) to the 'Temporary Trustees' for the benefit of the party of the second part by the party of the first part, and in further consideration of the payment of the sum of Fifteen Hundred Dollars ($1,500.00) attorneys' fees to Abe Aronovitz, J. W. Watson, Jr., and Franklin Parsons, as attorneys for party of the second part in the action of divorce hereinabove described, said fees being agreed upon as full and complete compensation of attorneys in the cause, and the receipt whereof is hereby acknowledged, upon the execution of this agreement by the said attorneys, and in further consideration of payment of costs in the said cause, and for other good and valuable considerations, paid to party of the second part by party of the first part, the party of the second part does for herself, her heirs, executors, administrators and assigns, agree to and does hereby release, remise, and forever discharge the said Mark H. Dix, his heirs, executors, administrators and assigns, of all and from all, and all manner of action and actions, cause and cause of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, accounts, promises, variances, trespasses, damages, judgments, claims and demands whatsoever, in law or in equity, that against the said Mark H. Dix she the said Judith T. Dix ever had, now has, or that her heirs, executors, administrators or assigns hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world up to and including the date of this agreement; and does further waive, relinquish, bar and

surrender and hereby agrees to and does waive, relinquish, bar and surrender all claims for maintenance and support, past, present and future, and all rights of alimony, and each and every right of dower or any other claim therein, and does hereby waive, relinquish, bar and surrender, and agrees to and does waive, relinquish, bar and surrender, all of her right, title and interest in and to any real or personal property, or mixed, wherever situated, from any rights of dower and/or homestead, belonging to or vesting in the said Mark H. Dix, now or which may at any time in the future belong to or vest in the said Mark H. Dix, fully, completely and forever."

The stipulation referred to was :

"It is hereby stipulated between the parties hereto as follows:

"First: The complainant agrees that in lieu of all claims for maintenance and support, past, present and future, and in lieu of all rights of alimony, and the release of all rights of dower, and in lieu of all claims for counsel fees and court costs, and all other claims, that complainant may have against the defendant, complainant will accept the creation of a trust more particularly described in the separate agreement, a copy of which is attached hereto and made part of this stipulation.

"Second: The defendant agrees that he will, and has, simultaneously with the execution of this stipulation and with the execution of the agreement annexed hereto, created a trust for the complainant, in lieu of all alimony, and all claims and demands by the complainant of the defendant, upon the entry of a final decree of divorce herein, and upon the execution and delivery of the agreement of the complainant releasing all claims and demands of dower right, and all other claims and demands as set forth in said agreement.

"Third: The terms and conditions of the creation of the said trust substantially are:

"(a) Delivery of Five Thousand Dollars ($5,000.00) in lawful money of the United States of America to Abe Aronovitz and J. W. Watson, Jr., attorneys-at-law, as 'Temporary Trustees,' to be held in trust for the complainant under the terms and conditions stated in said agreement, to-wit:

"1. The payment to the complainant of the sum of Five Hundred Dollars ($500.00) upon the entry of the final decree in the above entitled cause.

"2. Payment to the complainant of the sum of One Hundred Fifty Dollars ($150.00) monthly out of the balance of the funds, until exhausted.

"3. The transfer of the funds to a successor trustee, to-wit: a trust company selected by the complainant, which trust company shall follow the instructions of payment as herein contained.

"Fourth: The complainant agrees and does relinquish all dower right in and to the real estate of the defendant at Lake Mohegan, in the State of New York, at Miami Beach, in the State of Florida, and elsewhere wherever such real estate may be owned by the defendant, completely and fully.

"Fifth: The complainant agrees that should she embark in any business enterprise she will not use the name of 'Dix' as part of any display business name but this should not preclude her from using the words 'Judith T. Dix, Proprietor' to any other business name that she may choose to use.

"Sixth: The complainant agrees that she will not molest or harrass the defendant hereafter in any way or manner, directly or indirectly."

Waiver of appeal was signed and filed as follows:

"In the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in Chancery. 44,037-B.

"Judith T. Dix, Complainant, v.

Mark H. Dix, Defendant.

## "WAIVER OF APPEAL

"This cause having been determined by final decree in favor of the complainant and the orders of court as to the future belong to or vest in the said Mark H. Dix, fully, payment of alimony and counsel fees for the complainant, and costs in the cause, having been accepted by the defendant, and the entire cause having been disposed of to the mutual satisfaction of both parties to the cause and to the satisfaction of the respective counsel in said cause, and the said cause now being completed, the complainant, by her undersigned solicitors, and the defendant by his undersigned solicitors, do, in view of said final decree and the conformity with the rulings of the Court by the defendant, hereby severally waive their rights of appeal in the above styled cause. Dated at Miami, Florida, this 26th day of May, 1936.

"Judith T. Dix, Complainant,

"Mark H. Dix, Defendant.

"Franklin Parson, Abe Aronovitz, J. W. Watson, Jr., Solicitors for Complainant.

"Harry I. Lipton & Gus Feuer, G. A. Worley, Solicitors for Defendant."

The pertinent allegations of the bill of complaint are:

"That heretofore this court entered a final decree of divorce dissolving the bonds of matrimony then existing between the above parties, in Chancery Cause 44037 which by reference

is incorporated herein; tnat the said decree approved and incorporated a stipulation previously entered into between the parties, wherein and whereby a trust fund was established by the defendant MARK H. DIX in favor of the plaintiff, JUDITH T. DIX, which trust fund was in the principal amount of Forty-five Hundred Dollars ($4,500.00), from which proceeds the plaintiff was to receive One Hundred Fifty Dollars ($150.00) per month.

"II

"That the said trust fund was created May 21, 1936, and payments had been made to this plaintiff pursuant thereto, up to and until December, 1938, at which time the principal sum of the said trust had been entirely depleted, and as a result of which the plaintiff found herself without any source of support; that from the said date of the depletion of the said fund, the defendant has paid no moneys whatsoever to the plaintiff for her care, support and maintenance.

"III

"Your plaintiff would further represent that at the time the parties hereto were discussing the matter of the proposed trust agreement, the defendant represented to the plaintiff that irrespective of the amount of the present trust, at the time the same was depleted he, the said defendant, would take care of and look after the needs of the said plaintiff; that by reason thereof the said plaintiff was induced to enter into the agreement providing for the trust fund with the confidence and knowledge that after the three (3) year payments had depleted the said trust fund, the defendant would make further provision for your plaintiff; and your plaintiff states that that was one of the considerations which guided your plaintiff in accepting the trust fund at the time of said final decree.

## "IV

"That the plaintiff herein exercises her right to bring this bill of complaint for the court to determine the amount necessary for her future support, maintenance and upkeep, as influenced by the present financial condition of the defendant, and the present financial needs of the plaintiff, and the amount necessary to maintain her in her customary surroundings; the plaintiff would show that she is now in destitute circumstances without funds or means of support, that she is in dire need of expert medical attention and has no means to obtain same; that your plaintiff had been crippled before the entering of the final decree of divorce and her condition has become aggravated since then; that as a result of her physical disability she is unable to contribute in any way to her own support; and that notwithstanding the fact that the defendant is aware of these circumstances, and notwithstanding the fact that he is obligated by law to do so, your defendant has continuously refused to contribute in any way to your plaintiff's support; that the defendant is a man of considerable means, who although retired from active participation in the business and commercial world, receives a large income from manufacturing concerns controlled by his family, as well as divers other sources of income; that the defendant owns and maintains luxurious homes both in Miami Beach, Florida, and in Mohegan, New York, together with said homes the defendant owns several automobiles, engages numerous servants, and otherwise indulges himself in the most luxurious surroundings, and said defendant has material property of a value in excess of $200,000.00.

## "V

"That since the entering of the final decree by this court the defendant's financial circumstances have increased considerably; that in contrast your plaintiff has become destitute

and sick in mind and body; that your plaintiff avers that the defendant should not be relieved from contributing to her support since it was not the intent of the previous agreement that the defendant ever be relieved from this obligation."

The motion to dismiss challenged the sufficiency of the bill for want of equity and that the bill on its face discloses that it is an attempt to modify a property settlement and general release of all liability which was executed by the parties and fully performed by the defendant prior to the institution of this cause.

"3.   That said bill of complaint affirmatively discloses that it is filed upon the theory that Chapter 16780, Acts of the Legislature of the State of Florida, 1935, is applicable to the factual situation disclosed by the bill, but this defendant contends that such statute is not applicable to property settlement contracts in connection with divorce, but is only applicable to contracts for separate support, maintenance and alimony entered into in connection with cases instituted for separate maintenance.

"4.   That said bill of complaint affirmatively discloses that the defendant, relying upon the contract in question, paid over to the petitioner all the moneys which he agreed to pay and did all the matters and things which he agreed to do under and by the terms of said contract, and that the plaintiff received said moneys and has used the same in such manner as she has seen fit, and is now estopped from maintaining these proceedings to require the defendant to pay over to her additional sums of money.

"5.   That heretofore, to-wit, on the 26th day of May, A. D. 1936, in that certain Chancery Cause No. 44037 filed in this circuit, wherein Judith T. Dix was plaintiff and Mark H. Dix was defendant, the court did enter its final decree which said decree was on said date filed and on the 27th day of May,

1936, recorded in Chancery Order Book 392 at page 73; and that in and by said final decree, among other things, it was provided:

" '8. That the certain agreement entered into by and between the parties hereto on May 26th, 1936, a full, true and complete copy of which is hereto annexed and marked *Exhibit A*, be and the same is hereby ratified, approved and confirmed, and the terms thereof hereby adopted as a full, complete and final settlement of all alimony, dower and property rights between the complainant and the defendant.'

"That on the 26th day of May, 1936, and subsequent to the entry of said final decree, the plaintiff, Judith T. Dix, and the defendant Mark H. Dix, together with their respective solicitors, did make, execute and file in said cause a waiver of appeal, by reason of which said cause was finally terminated and any rights that plaintiff may have had under Chapter 16780, Laws of Florida, 1935, prior to the entry of said final decree were completely terminated adversely to said plaintiff and adjudicated by this court as being fully terminated.

"6. That the contract adopted, ratified and approved by the court in its final decree in Chancery Cause No. 44037 hereinabove referred to, was not merely an agreement to pay stated sums at certain intervals in lieu of alimony and suit money, but on the contrary, was a complete property settlement between the parties and a complete release of any and all claims for support which the said Judith T. Dix might conceive herself to be entitled to in the future, and contained a full and complete general release of any and all such liability as between the parties."

The contract between the parties was under seal, and, therefore, all binding agreements between the parties in this regard were merged in and are to be found in the written

instrument. Electric Equipment Corporation v. Delco Appliance Corp., 297 N. R. Sup. 498.

If a contract under seal is accepted in the place of a simple contract, whether oral or in writing, the simple contract is discharged. Rhoads v. Jones, 92 Indiana 328; Tampa City First National Bank v. Schlichting, 40 Iowa 51; Leonard v. Hughlett, 41 Md. 380; Banorgee v. Hovey, 5 Mass. 11; Martin v. Hamlin, 18 Mich. 354; Myers v. Oglesby, 7 Miss. 46.

The complainant relies on the provisions of Chapter 16780, Acts of 1935, as the basis for the maintenance of this suit. We must hold that the provisions of that Act are not applicable to factual conditions such as are shown to exist here.

We construe the contract between the parties at the culmination of the divorce suit to be a property settlement which was adopted by the final decree of the court and fully performed by the parties. By the execution and performance of the terms of the agreement and final decree, all claims of the parties, each upon the other, were forever set at rest. The bonds of matrimony were dissolved and the defendant was no longer under any obligation, legal or otherwise, to provide for the complainant. No fraud or deception was charged and no over-reaching is intimated.

This cause is ruled by the opinion and judgment of this Court in the case of Norton v. Norton, 131 Fla. 219, 179 Sou. 414.

It follows that the order of the circuit court is quashed with directions to enter an order dismissing the bill of complaint.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.